## CITY OF GRANDFIELD v. HAMMONDS et al.

No. 13665—Opinion Filed April 15, 1924.

Rehearing Denied June 24, 1924.

### 1. Municipal Corporations—Nonliability for Death of Child Falling in City Well.

A city furnishing water to the inhabitants by means of a well on its own premises is not liable for the death of a three-year old boy who, while playing about said well covered by loose boards, fell into the water and was drowned, when it is not shown that the said child was upon the premises by invitation, express or implied, of the owner.

### 2. Negligence—Invitees and Licensees—Children

Without an invitation, express or implied, no duty of active care arises. Neither silence, acquiescence nor permission, however, standing alone, is sufficient to establish an invitation. A license may thus be created, but not an invitation. The infancy of the party injured does not change the situation.

(Syllabus by Pinkham, C.)

Commissioners' Opinion, Division No. 5.

Error from District Court, Tillman County; Frank Mathews, Judge.

Action by W. D. Hammonds and Eunice Hammonds against the City of Grandfield. From a judgment for the plaintiffs, defendant brings error. Reversed.

Wilson & Roe, for plaintiff in error.

P. Mounts. for defendants in error.

Opinion by PINKHAM, C. This action was brought to recover damages for negligently causing the death of the plaintiffs' son, who was about three years of age. The plaintiffs allege that the defendant, the city of Grandfield, owned, managed, and conducted a water-works system for the purpose of supplying water to the inhabitants of said town and that as a part of said water-works system the said defendant owned and used a well. and that the said well, partly filled with water, had been covered with boards or plank; that the said covering over the said well had become rotten and loose and had been in such condition for a long period prior to the 9th day of April, 1920.

That there was no fence or other obstruction around said well but that the said well for a long period of time remained open and exposed so that the same was accessible by any person who might go upon or about the same; that the said well and the said rotten and loose covering upon the same was of a dangerous character, and that the defendant for a long period of time had negligently and wantonly permitted the same to remain in the same dangerous condition; that on or about the 9th day of April, 1920, Wm. D. Hammonds, a minor child of the age of three years, wandered upon the said plank or covering of said well and by reason of its condition fell through the said covering and into the water below and was drowned; that the said well in its said dangerous and unsafe condition constituted an attractive nuisance to a child of the age of the deceased;

that said well was an apparently public place and in the vicinity of dwelling houses where there were children.

The defendant filed its amended answer by way of general denial, and further pleaded that the plaintiffs were negligent and contributed to the injury by taking the said child upon the premises where the said well was located, and negligently and carelessly permitted the child to play on and about the said well without proper care and supervision.

The case was tried before a jury and resulted in a verdict in favor of the plaintiffs for $1,250.

At the conclusion of plaintiffs' evidence defendant demurred thereto, which was by the court overruled and excepted to by defendant.

At the close of all the evidence the defendant requested the court to instruct the jury to return a verdict in favor of the defendant, which was by the court refused and exception allowed.

Motion for new trial was filed and overruled, and the case was duly appealed to this court.

For reversal of the judgment defendant submits in its brief: First, that the court erred in overruling the motion of plaintiff in error for a new trial; second, said court erred in overruling the demurrer of the plaintiff in error to the evidence introduced by the defendants in error; third, said court erred in refusing to give to the jury the peremptory instruction asked by the plaintiff in error.

The facts as disclosed by the record were substantially these:

The defendant city was the owner of premises upon which it maintained a water-works system by means of a number of wells. The manager of the plant, O. D. Mashburn, resided on the premises about 75 feet from the well where the unfortunate accident occurred.

It appears that the platform over this well was in good condition up to the day of the accident. On the day before the accident the platform was taken off the well for the purpose of pulling the pump out. The work was not completed that day and at about sundown the well was covered for the night by putting the boards back, except one of the boards which was broken when it was taken off. The boards were placed back exactly as they were except the board that was broken and another board was substituted in place of the brok-

en board. These boards were not nailed down for the reason that the work on the well had not been finished.

There is no dispute as to how the little boy came to be upon the city's premises. The testimony of the mother discloses that she took him with her a distance of over one-eighth of a mile, lifting him over a fence separating the premises where the mother lived from those of the city. The mother of the child stated that in going upon the city's premises where the water-works plant was located, she went for the purpose of visiting Mrs. Mashburn, wife of the manager of the city water-works, and that she had no business of any kind to transact with the city.

It appears that Mr. Mashburn, the manager, left the premises soon after the arrival of the mother and child for the purpose of going to town to bring his children home from school, leaving the mother of the child visiting with his wife at his home.

It further appears that the child left the house or was permitted to do so and when the mother and Mrs. Mashburn missed the child and searched for him it was discovered that he had fallen into the well and drowned.

This well was located about 25 feet from the public road.

The case was tried and submitted to the jury on the theory that the defendant city maintained upon its water-works premises a well platform of a dangerous character and that the same was of an attractive nature by reason of which the child was allured upon the premises. The action and recovery are based upon the theory of an "attractive nuisance."

In the case of Faurot v. Oklahoma Wholesale Grocery Co., 21 Okla. 104, 96 Pac. 463, the facts in many respects were similar to the facts in the instant case. It is there held that:

"A person injured, although an infant, by falling down an elevator shaft in a wholesale grocery which was left unguarded, in order to recover must show the owner of the premises was under obligations to protect him from injury; and the owner of such premises is liable for an injury occurring thereon through his negligence only when the injured person comes upon them by invitation, express or implied, of the owner."

In the body of the opinion it is said:

"By no rule or interpretation could the plaintiff's presence on the premises of the defendant be construed to be by invitation, express or implied. The nature of defend-

ant's business was not such as to be an implied invitation to the general public to enter its place of business."

In the case of Turner v. Durant Cotton Oil Co., 96 Okla. 31, 219 Pac. 892; it is held:

"We believe the rule supported by the great weight of authority and sustained by reason and common sense is: that the owner of premises has the right to place on them such buildings and improvements as is necessary to carry on any legitimate business in which such owner is entitled to engage, and he is under no duty to exercise care to make them safe for the use of others, even children, coming thereon without invitation, authority, or allurement." (Citing a number of authorities.)

It is further stated in the opinion in the above case that the rule announced has no application when the owner has created an unusually dangerous condition readily accessible and attractive to children or near the play grounds or places where children frequently congregate to play.

The material facts in this case are without dispute and we observe nothing in them that would bring the defendant city within the exception of the rule announced in the decisions of our own court and those of many other states.

Without an invitation, express or implied, no duty of active care arises. Neither silence, acquiescence, nor permission, however, standing alone, is sufficient to establish an invitation. The infancy of the party injured does not change the situation. (Bottum's Administrator v. Hawks, 84 Vt. 370, 79 Atl. 858, Ann. Cas. 1913A, 1031.

In the case of Holbrook v. Aldrich 168 Mass. 15, 46 N. E. 115, it was held that a store-keeper was not liable for injuries to a seven-year old child who put her hand up the spout of a coffee-grinder while in the store with her father to make a purchase. In the course of the opinion it was said by Mr. Justice Holmes:

"Temptation is not always invitation. As the common law is understood by the most competent authorities it does not excuse a trespass because there is a temptation to commit it, or hold property owners bound to contemplate the infraction of property rights, because the temptation to untrained minds to infringe them might have been foreseen."

Without question the owner or occupier of premises owes, even to a trespasser, the duty to refrain from wilfully or wantonly injuring him, after he is aware of his presence on the premises, but there is no evidence in the record of any conduct of that kind in the case.

The court instructed the jury on the theory of an "attractive nuisance."

In the view which we take of this case the "attractive nuisance" doctrine has no application. This well was located on the city's premises at a distance from any public road—not even a path leading to it from the road.

The innocent child was taken by its parent onto the premises and permitted to wander about the well without the knowledge of the defendant or any of its employes.

Before the child had been brought upon the premises the well had been covered in a manner considered by the manager to be safe, and when he left the premises the child was in the care of its mother in his house.

We think the demurrer to the plaintiffs' evidence would have been sustained.

For the reasons stated, we think the judgment of the trial court should be reversed and remanded, with directions to dismiss the action.

By the Court: It is so ordered: