## CITY OF HOMINY v. MUSICK.

No. 18488. Opinion Filed April 30, 1929.

Rehearing Denied July 2, 1929.

Frank E. Ransdell, for plaintiff in error.

A. N. Murphy, Wilson & Duncan, and Roy F. Ford, for defendant in error.

HERR, C. This is a personal injury action originally brought in the district court of Osage county by Vesta Musick against the city of Hominy to recover damages because of injuries sustained on account of the alleged negligence of defendant city.

It is alleged that on the 30th day of October, 1925, said city rented to the Royal Neighbors of America the courtroom in the city hall building for the purpose of holding a dance; that adjoining this room there was a cloak room which was used by the guests to deposit their wraps; that in the floor of said cloak room there was an unguarded hole or opening ten feet square, and that said room was poorly lighted; that plaintiff on said night entered said room for the purpose of removing her wraps, and while so doing, fell through this hole and suffered thereby injuries, consisting of a broken hip, injury to her back, and other bruises. She prayed judgment in the sum of $50,000.

The defendant answered, admitting the renting of the courtroom to said society for the purpose of holding a dance, but denied renting the room in which the injury occurred for a cloak room. Defendant further pleaded that this alleged cloak room was, in fact, the city firemen's sleeping quarters, and that the hole through which the plaintiff fell was placed there for the convenience of the firemen; that through such hole was placed a pole, which pole was used by said firemen in descending in case of a fire alarm.

Defendant further pleaded that it had no knowledge that said room was being used as a cloak room; that if it were so used, it was without its permission, knowledge or consent, and that the parties so using the same were trespassers, and that the plaintiff at the time of receiving her injuries was in said room as a trespasser, and that it is, therefore, not liable to her in damages.

The trial resulted in a verdict and judgment in favor of plaintiff in the sum of $2,500. Defendant appealed.

The main error assigned by defendant is that the court erred in overruling its motion for a directed verdict. We think this assignment well taken. There is no evidence to the effect that defendant rented to the Royal Neighbors of America the firemen's room as a cloak room; nor is there any evidence to the effect that it had no-

tice or knowledge that said society was intending to use the same for such purpose.

The evidence establishes that the courtroom was rented by the city clerk to this society for the purpose of holding a dance on the night in question; that she did so under a standing ordinance passed by the city council of said city authorizing her to rent said room for amusement purposes. This witness testified that she at no time rented the firemen's sleeping quarters for a cloak room; that she never gave her consent to so use the same, and that she had no notice or knowledge of such intended use. The evidence is that this room is not connected with the courtroom, but is located across the hall therefrom.

Several persons attending the dance testified that said room was so used on the night of the accident, and further testified that such room had been so used by other parties prior to said night. All of these witnesses, however, testified that no one connected with the city administration ever gave them permission to enter this room or to use the same as a cloak room.

Plaintiff testified that she had never attended any of the prior dances there held; that this was the first dance she had attended at this courtroom; that she entered the firemen's sleeping room at the suggestion of someone apparently in charge at the dance.

Counsel for plaintiff attempted to establish, by the testimony of the fire chief, that this room was, on several prior occasions, used as a cloak room, and that he had knowledge that it was so used; that it was customary for persons using the courtroom for amusement purposes to use the firemen's sleeping quarters as a cloak room; that it was so used with his consent, and that because of this custom, there was, on said night, an implied invitation to the Royal Neighbors of America to so use said room; that it was, therefore, the duty of the defendant to maintain and keep said room in safe condition as a cloak room, to properly light the same, and to place a guard round the hole in the floor. The testimony, however, fails to establish these facts.

On this point the fire chief testified that he had observed this room being used on two prior occasions; that on the night of the injury he had closed and bolted the door entering from the hall to this room; that someone at the dance evidently unlocked this door and invited the guests to use the room as a cloak room; that he gave no

permission to so use the same; that his purpose in bolting and locking the door was to keep the guests from entering this room. This testimony of the fire chief is not denied.

We think the evidence insufficient to establish an implied invitation. The evidence, in our opinion, clearly establishes that, as to the defendant city, plaintiff was in the room in question as a trespasser at the time she received her injuries, and the city is, therefore, not liable to her in damages. Granfield v. Hammonds, 100 Okla. 75, 227 Pac. 140; Turner v. Durant Oil Co., 96 Okla. 31, 219 Pac. 892.

Judgment should be reversed, and the cause remanded, with directions to enter judgment in favor of defendant.

BENNETT, JEFFREY, FOSTER, and DIFFENDAFFER, Commissioners, concur.

HALL, Commissioner, dissents.

By the Court: It is so ordered.

Note.—See "Municipal Corporations," 43 C. J. §1926, p. 1164, n. 93, 94; §2042, p. 1278, n. 73.