**Earl WEVER and Flossie Wever, individually and as next of kin of Fred Wayne Wever, Deceased, Appellants,**

v.

**STATE of Oklahoma, ex rel. DEPARTMENT OF HUMAN SERVICES, ENID STATE SCHOOL, Defendant,**

**and**

**Union Equity Cooperative Exchange, an Oklahoma Corporation, Appellee.**

**No. 71926.**

Court of Appeals of Oklahoma, Division No. 1.

May 15, 1990.

Rehearing Denied July 3, 1990.

Certiorari Denied Oct. 1, 1992.

A.T. Elder, Jr. and Rodney C. Ramsey, Oklahoma City, for appellants.

Mort G. Welch, Oklahoma City, and Michael E. Smith, Enid, for appellee.

MEMORANDUM OPINION

HUNTER, Judge:

Upon consideration of the briefs and the record in the above-styled matter, the Court finds:

(1) Plaintiffs' decedent, Fred Wayne Wever, a 26 year old mentally handicapped patient of the Enid State School, with a mental capacity of a child between the ages of 5 years 2 months and 7 years of age, died as a result of a fall from a ladder on Appellee's premises. Appellee owns and operates a grain storage elevator located approximately one-quarter to one-third of a mile from the Enid State School in Enid, Oklahoma.

(2) Appellants filed suit against the State of Oklahoma and Appellee to recover damages as a result of the death of their son. Appellee's motion for summary judgment was sustained by the trial court and this appeal was timely commenced.

■ (3) Appellants contend the trial court erred in finding that the doctrine of attractive nuisance was inapplicable to the present case and in not finding that Appellee's grain elevator is an attractive nuisance to persons of diminished mental capacity; they allege that the decedent was a technical trespasser at the time of his death; and they further contend that summary judgment was inappropriate because reasonable minds could differ on questions summarily adjudicated by the trial court.

■ (4) A landowner is generally under no duty to trespassers other than to avoid willfully, wantonly or intentionally harming them. The attractive nuisance doctrine is an exception to this rule. It involves balancing the interests between that of society in protecting its children and the right of landowners and proprietors to make use of their property in a lawful business. *Knowles v. Tripledee Drilling Co., Inc.*, 771 P.2d 208 (Okla.1989). It is undisputed that Appellant's decedent was a trespasser. Whether he was a technical trespasser does not change the landowner's duty. *City of Grandfield v. Hammonds*, 100 Okl. 75, 227 P. 140 (1924). *Lohrenz v. Lane*, 787 P.2d 1274 (Okla.1990).

(5) In every Oklahoma decision we have found regarding the attractive nuisance doctrine, it has been clearly stated that it is for the protection of *children* of tender age. Distinctions are made between children under the age of 7 years and between the ages of 7 and 14 years. Whether a *child* over the age of 14 years has sufficient capacity to understand the danger and ability to take care of himself under the circumstances may properly be a jury question. We decline to extend the doctrine of attractive nuisance to adults, regardless of their mental capacity. We find no compelling societal interest to do so.

(6) Having determined that the attractive nuisance doctrine does not apply in this case and that Appellants' decedent was a trespasser, it becomes unnecessary to decide whether a grain elevator is an attractive nuisance as a matter of law.

(7) There having been presented no evidence to show a material factual dispute as to any other negligence on the part of Appellee and for the reasons set forth above, we AFFIRM the trial court's granting of summary judgment to Appellee.

AFFIRMED.

GARRETT, P.J., concurs.

MacGUIGAN, J., not participating.