RICHARDSON v. BABCOCK & WILCOX CO. (two cases).

(Circuit Court of Appeals, First Circuit. February 8, 1910.)

Nos. 843, 844.

1. NEGLIGENCE (§ 2*)—NATURE AND ELEMENTS—LIABILITY FOR PERSONAL INJURY.

In order to create liability for a personal injury, the plaintiff must not only show that he was in the exercise of due care, but that the defendant was lacking in some duty which it owed to him, either as an employé, because of contractual relations, or as a member of the public.

[Ed. Note.—For other cases, see Negligence, Cent. Dig. § 3; Dec. Dig. § 2.*]

2. NEGLIGENCE (§ 2*)—LIABILITY FOR INJURIES TO PERSON—VOLUNTEER.

Defendant's employés were passing a heavy tubing lowered by means of ropes through a doorway, when plaintiff's intestate, who was not an employé, but a stranger to the work, without invitation undertook to assist, and while doing so received a fatal injury by reason of the slipping of the tubing and the breaking of a rope. Held, that defendant could not be held liable for his injury or death, in the absence of evidence showing gross negligence, willfulness, or wantonness in respect to his safety.

[Ed. Note.—For other cases, see Negligence, Cent. Dig. § 3; Dec. Dig. § 2.*]

In Error to the Circuit Court of the United States for the District of Massachusetts.

Actions by Lizzie A. Richardson, administratrix, against the Babcock & Wilcox Company. Judgments for defendant, and plaintiff brings error. Affirmed.

Damon E. Hall (Henry F. Hurlburt and Hurlburt, Jones & Cabot, on the brief), for plaintiff in error.

Walter I. Badger (Wm. Harold Hitchcock, on the brief), for defendant in error.

Before COLT and PUTNAM, Circuit Judges, and ALDRICH, District Judge.

ALDRICH, District Judge. The records before us present two cases of Mrs. Richardson, administratrix, against the Babcock & Wilcox Company, one for the death of her husband and the other for conscious suffering. Both cases are controlled by the conclusion which we reach, that of nonliability. The liability in personal injury cases, speaking generally, springs either from relationship or duty, as, for instance, in one class of cases, the obligation grows out of the relationship between employer and employé. The obligation of the employer is to furnish a reasonably safe place and reasonably safe appliances, and the obligation of the employé is to exercise reasonable care. And the rule of care is that care which a person, similarly situated, would exercise, and this means ordinary care and prudence. These obligations result from the relationship through implication of law. The same is true of the liability of the carrier for hire. And as to one who, in the exercise of his right or business, injures a member of the public, who is in the exercise of his right or while in the line of duty, it is the duty in respect to the relative rights which creates or

implies the obligation to exercise reasonable care. If, in view of relationship or duty, a given party fails to discharge his obligation, the liability results in tort.

There are several counts in each writ. Some of them allege that the plaintiff was in the employ of the New York, New Haven & Hartford Railroad Company, and was in the line of duty, and that he was injured through the defendant's negligence; and some of the counts expressly allege that he was not in the employ or service of the defendant. Therefore we assume that the plaintiff's case is not within the rules which govern where the existing relationship is that of employer and employé, and this assumption is made because the relationship from which the ordinary implied obligations arise is wholly wanting.

The evidence shows that at the time of the accident the defendant was installing heavy boilers in the power house of the New York, New Haven & Hartford Railroad Company in Readville, Mass., under special contract. Mr. Richardson was a stationary engineer in the employ of the railroad company in its railroad shops at Readville, and on the day in question had occasion to pass from one part of the shops to another part, on business connected with his duty to the railroad, his employer. When he came to a doorway, through which he would ordinarily pass on such a journey, he found that the defendants were lowering a section of tubing some 18 feet in length which had entered the doorway some 3 or 4 feet. When Mr. Richardson reached this point he stepped on stringers and passed safely over or by the tubing into the yard beyond. There was some lack of harmony in the evidence as to just how far the tubing had entered the doorway, and just how much of an obstruction it was; but we pass over the details of such controversy as of no controlling consequence, because Mr. Richardson had passed safely beyond the obstruction into an open yard between the buildings, and because we think the case is controlled by what followed.

Those in the employ of the defendant were having some difficulty in passing the tubing through the doorway, and, without any request from the defendant's servants for him to do so, and without any duty by reason of the relationship between him and the defendant as their employé, or as the employé of the railroad, because the defendants were doing the work under special contract, Mr. Richardson volunteered to lend a helping hand, and, while lifting, as the tubing was being passed through the doorway, it started down an incline and a rope parted, and Mr. Richardson was jammed between the tubing and the doorway, and fatally injured. Thus it appears that Mr. Richardson was not injured while in the line of duty. He had passed the place of hazard in safety, and, departing from his duty, returned to help another.

The law does not furnish redress in damages for every misfortune. In order to create liability for personal injury, the plaintiff must not only show that he was in the exercise of due care, but that the defendant was lacking in some duty which it owed to him, either as an employé or as a member of the public. This case, as already observed,

is not within the class governed by the rules of ordinary care, because there was no contractual relationship between Mr. Richardson and the defendant. Nor is it the case of invitation, where a member of the public by invitation comes in to help. The facts plainly show, and there was no dispute about it, that he took hold to help as men oftentimes give a lift at the wheel when they find a neighbor stuck in the mud; and under such circumstances there is no liability on the part of the neighbor for an injury received, unless the injured party establishes 'gross negligence, willfulness, or wantonness in respect to his safety. In a legal sense the plaintiff's intestate was a volunteer, a stranger to the operations involved in moving the heavy articles in question, and so far as the relationship and the duties between the parties are concerned, this case is within the principle of Curriet v. Trustees of Dartmouth College, 117 Fed. 44, 54 C. C. A. 430, and, while that case had some strong suggestions of invitation, it was said by Judge Putnam, speaking for the Court of Appeals, that the plaintiff was "of the class of those who must take care of themselves, except as against wantonness or willfulness, or except under peculiar circumstances of some undiscovered danger." We think it very plain, and so plain that we need not cite authorities, that if a plaintiff recovers at all, under the circumstances of this case, it must be upon the ground that the defendant was grossly negligent in the selection of appliances, or that there was some wanton or willful conduct which caused the hurt. It is apparent that counsel drawing the writs were aware of the distinction between a case like this and the case of an injured employé, because in several of the counts they alleged that Richardson was not in the employ of the defendants, and that the defendants were grossly negligent.

The Circuit Court directed a verdict upon the ground of contributory negligence; but it is a familiar rule that an order for a verdict may be sustained, not only upon the reason expressed, but upon any ground which warrants the result. We think there was no evidence of gross negligence in this case in respect to appliances, and there was no suggestion of wanton or willful conduct on the part of the defendant. Therefore the plaintiff was not entitled to go to the jury, and the situation justifies the order directing a verdict for the defendant. Having reached this conclusion, there is no occasion for dealing with the question of contributory negligence.

In each case:

The judgment of the Circuit Court is affirmed, with costs.