## OKLAHOMA GAS & ELEC. CO. et al. v. OKLAHOMA RY. CO.

No. 8624—Opinion Filed Feb. 3, 1920.

Rehearing Denied March 23, 1920.

(Syllabus by the Court.)

**1. Gas—Care Required—Liability for Injury.**

A higher degree of care and vigilance is required in dealing with a dangerous agency than in the ordinary affairs of life and business, which involve little or no risk of injury to persons or property, and in view of the highly dangerous character of gas and its tendency to escape, a gas company must use a degree of care to prevent damage from the escape of gas commensurate with the danger which it is its duty to avoid, and if it fails to exercise this degree of care and injury results therefrom, the company is liable, provided the person suffering the injury either in person or in property is free from contributory negligence. While no absolute standard of duty can be prescribed, every reasonable precaution suggested by experience and the known danger of the escape of gas ought to be taken.

**2. Same—Damage to Property from Explosion—Negligence—Evidence.**

The employes of the gas companies approved the means adopted by the railway company to prevent gas entering the boiler-room upon escaping from the meter while being tested by the gas companies. The employes of the railway company, discovering gas odors in the boiler room, warned the gas company employes that too much gas was escaping, but were assured that everything was all right; the wind at the time blowing the escaping gas in the direction of the boiler room, where fires were burning. There was an explosion of the escaping gas in the boiler room, damaging the property of the railway company. Held, there was sufficient proof of negligence on the part of the gas companies to submit the case to the jury, in view of the duty of the gas companies to exercise a high degree of care to prevent the escape of gas.

Error from District Court, Oklahoma County; W. C. Crow, Assigned Judge.

Action by the Oklahoma Railway Company against the Oklahoma Gas & Electric Company and the Oklahoma Natural Gas Company for damages sustained to the power house and machinery of plaintiff as a result of the explosion of natural gas. Judgment for plaintiff, and defendants bring error. Affirmed.

Ames, Chambers, Lowe & Richardson, for plaintiffs in error.

Shartel, Dudley & Shartel, for defendant in error.

OWEN, C. J. The question to be determined is whether there was sufficient evidence of negligence on part of the gas companies to submit the case to the jury. Defendants' motion for a directed verdict was overruled, and a verdict returned in favor of plaintiff for $839.69. Defendants complain of the action of the court in overruling the motion, and insist there was not sufficient evidence to submit the case to the jury.

The gas companies were furnishing natural gas for fuel purposes to the railway company by contract, under the terms of which the gas companies were to test the meter from time to time. The meter was installed in a house built by the Oklahoma Gas & Electric Company, a short distance south and east of the power house of the railway company. To test the meter it was necessary to permit some gas to escape into the open air. There had been tests on other occasions, without any damage being done. The railway company, to protect itself against the escape of gas, had at the time of each test placed a tarpaulin over its doors, and on this occasion the superintendent of the power house inquired of the employes of the gas companies if the preparations, as made, were sufficient to prevent the gas from entering the power house, and was informed that such preparations were sufficient. The precautions taken were the same as those taken on former occasions. The wind, however, on the morning of this test was from the south and moving from the meter toward the power house. Employes of the railway company, noticing gas odors in the boiler room, called this to the attention of the employes of the gas companies, and expressed the opinion that they were permitting too much gas to escape. But were assured by the employes of the gas companies that everything was all right. A short time after this, the explosion occurred and the damages complained of were sustained.

It also appears that on a former occasion the superintendent in charge of the power house of the railway company had made objections to the meter house being placed in such close proximity to the power house and to the tests of the meter being made so close to the boiler room, where the furnaces were kept burning.

Under this state of facts, it is urged no negligence was shown on the part of the gas company, and it was, therefore, error for the court to overrule the motion for a directed verdict for defendants, and it is insisted that the verdict rendered by the jury is not sustained by sufficient evidence.

A higher degree of care and vigilance is required in dealing with a dangerous agency than in the ordinary affairs of life and business, which involve little or no risk of injury to persons or property, and in view of the highly dangerous character of gas and its tendency to escape, a gas company must use a degree of care to prevent damage from the escape of gas commensurate with the danger which it is its duty to avoid, and if it fails to exercise this degree of care and injury results therefrom, the company is liable, provided the person suffering the injury either in person or in property is free from contributory negligence. While no absolute standard of duty can be prescribed, every reasonable precaution suggested by experience and the known danger of the escape of gas ought to be taken. 12 R. C. L. sec. 46, p. 905; Bellevue G. & O. Co. v. Carr, 61 Oklahoma, 161 Pac. 203; Bradley v. Shreveport Gas, Elec. L. & P. Co., 142 La. 49, 76 So. 230.

Considering the fact that the wind was blowing the escaping gas in the direction of the boiler room and that the employes of the railway company warned the employes of the gas companies that too much gas was escaping, we cannot say there was not sufficient evidence of negligence to submit the case to the jury, in view of the duty devolving upon the gas companies to use that degree of care and vigilance in dealing with natural gas commensurate with the danger incident and apparent on that occasion from the surrounding circumstances.

The judgment of the lower court is affirmed.

KANE, PITCHFORD, JOHNSON, McNEILL, HIGGINS, and BAILEY, JJ., concur.