## KROGER GROCERY & BAKING CO. v. ROARK et al.

No. 25531. April 2, 1935.

Rehearing Denied April 23, 1935.

Thurman, Bowman & Thurman and T. Raymond Higgins, for plaintiff in error.

Carmon C. Harris and John A. Brett, for defendants in error.

PER CURIAM. This action was commenced in the court of common pleas of Oklahoma county by the defendant in error, Jimmie Roark, herein referred to as plaintiff, and against the Kroger Grocery & Baking Company, a corporation, herein referred to as defendant. E. E. Barbee and Freda C. Hopps were defendants, but were released on their demurrer to the evidence of plaintiff.

The plaintiff alleged in his petition that the defendant was in possession of a two-story brick building used as a warehouse in Oklahoma City, and that plaintiff and many other children of his age, eight years, resided nearby; that defendant vacated said building on November 5, 1932, after removing all its effects except some shelving made in the form of 100 pigeon holes, 6 inches square, said shelving being 6 feet 10 inches high, 5 feet 10 inches wide, and 12 inches thick, weighing 300 or 400 pounds, and that said shelving was left away from the wall without braces; that the defendant left the door open, and on the next day, November 6, 1932, the plaintiff entered the warehouse, climbed upon said shelving, and the shelving fell on plaintiff breaking his leg; that said building and said shelving were each attractive to plaintiff; that defendant was negligent in leaving the door unlocked and the shelving unbraced, and in failing to anticipate the alluring character

596

of the building and shelving and failing to guard against the plaintiff entering the building and climbing upon the shelving, and that defendant should have anticipated the temptation to plaintiff to enter and climb to his injury. The defendant demurred, and after the demurrer was overruled, answered by general denial and alleged contributory negligence of plaintiff.

The evidence of plaintiff showed that the door was partially open; that it was opened further by one of his companions to permit plaintiff to enter; that the door was a sliding door with provision for fastening on the inside by hasp fitting over a staple through which a padlock might be inserted; that on the day of the accident the staple had been apparently pried off from the inside and was lying on the floor; that it could not have been pried off from the outside; that the shelving could not be seen from the outside and was on the second floor in the middle of the floor without braces at the time of the injury; that the door had been open for one or two days before the injury; that the plaintiff entered for the purpose of seeing what he could find and climbed upon the shelving to secure some price tags thereon, pulling it over and breaking his leg. The evidence of the defendant was to the effect that when the building was vacated the doors were locked, this door by a padlock on the inside; that the shelving was against the walls, and that the building was in this condition on the Saturday morning before the injury on Sunday afternoon; that the defendant had no knowledge of the shelving being in the position in which it was nor of the door being open.

The defendant demurred to the evidence of the plaintiff, and also moved for a directed verdict at the conclusion of the evidence, and thereby waives all other specifications of error and seeks a reversal solely upon the insufficiency of the evidence.

In City of Shawnee v. Cheek, 41 Okla. 227, 137 P. 724, in which the doctrine of attractive nuisance is exhaustively discussed by this court, it is said:

"The evidence does not show that the defendant had actual knowledge of such use of its premises (playing in abandoned pump house) by children, nor actual knowledge of the coat of hay on the surface of the water, nor of the depth or fact of water in the pump pit at the time of the accident."

And later in the opinion the court said:

"The demurrer to the petition should have been sustained in view of the fact that the allegations do not show a reckless disregard for the safety of such technical trespassers as the deceased boy, and wantonness is not expressly nor by necessary implication alleged."

If wantonness must be alleged, certainly facts constituting wantonness must be proven. This court in the syllabus in the above case said:

"A landowner owes a trespasser a duty, in respect to safety from dangerous artificial condition of premises, to not injure him intentionally or wantonly."

This court, in City of Grandfield v. Hammonds, 100 Okla. 75, 227 P. 140; Turner v. Durant Cotton Oil Co., 96 Okla. 31, 219 P. 892; Midland Valley R. Co. v. Littlejohn, 44 Okla. 8, 143 P. 1; Faurot v. Oklahoma Wholesale Grocery Co., 21 Okla. 104, 95 P. 463, 17 L. R. A. (N. S.) 136, and other well-considered opinions, has held that:

"The owner of premises has the right to place on them such buildings and improvements as are necessary to carry on any legitimate business in which such owner is entitled to engage, and he is under no duty to exercise care to make them safe for the uses of others, even children, coming thereon without invitation, authority, or allurement." Turner v. Durant Cotton Oil Co., supra.

The facts in the Turner v. Durant Cotton Oil Co. Case, supra, very nearly parallel the facts in this case. There was a seed house with open windows and no provision for closing the same, children known to play occasionally around the house, seed in the house as a temptation to the children to enter and play, and a seed conveyor dangerous only when climbed upon. Here the facts show a warehouse, children occasionally playing around it, the building vacated but the day before, with the empty building a temptation to enter and explore, and an open door through which to enter, and a stack of shelving dangerous only when climbed upon. In the Turner v. Durant Cotton Oil Co. Case, the court sustained a motion for an instructed verdict for the defendant. The instant case is also similar to the case of Midland Valley R. Co. v. Littlejohn, supra, where a 4½ year old boy attempted to climb upon an iron fly-wheel standing on defendant's freight platform, pulling the wheel over on his foot, children having been in the habit of playing on the platform. The court there said:

"It thus appears that the court erred in instructing the jury in the present case that invitation might be 'implied' from the fact that the landowner knew, or in the exercise of ordinary care ought to have known, that

such children were in the habit of coming on its premises to play or to gratify their childish curiosity."

And in City of Grandfield v. Hammonds, supra, this court said:

"Without an invitation, express or implied, no duty of active care arises. Neither silence, acquiescense, nor permission, however, standing alone, is sufficient to establish an invitation. The infancy of the party injured does not change the situation. * * * 'Temptation is not always invitation. As the common law is understood by the most competent authorities, it does not excuse a trespass because there is a temptation to commit it, or hold property owners bound to contemplate the infraction of property rights because the temptation to untrained minds to infringe them might have been foreseen." Without question, the owner or occupier of premises owes, even to a trespasser, the duty to refrain from willfully or wantonly injuring him after he is aware of his presence on the premises."

The evidence in this case shows that the defendant took reasonable precautions to prevent entry into the building and the evidence wholly fails to show that the defendant's acts or omissions amounted to a willful, reckless or wanton indifference to the safety of persons, even technical trespassers of the age of plaintiff, or that the shelving was known to the defendant to be an inherently dangerous instrument. It rather shows that the open door was due to the interference of an outside agency and that the defendant had no knowledge thereof.

The judgment of the lower court is therefore reversed and the cause remanded, with instructions to render judgment in favor of the defendant.

The Supreme Court acknowledges the aid of Attorneys Ted Morgan, Grover C. Wamsley, and Theodore Pruett in the preparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court. After the analysis of law and facts was prepared by Mr. Morgan and approved by Mr. Wamsley and Mr. Pruett, the cause was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration, this opinion was adopted.

McNEILL, C. J., and RILEY, BUSBY, PHELPS, and GIBSON, JJ., concur.