Coös,
Apr. 1, 1947. } No. 3630.

RICHARD GLINES *v.* MAINE CENTRAL RAILROAD.

*George H. Keough* (by brief and orally), for the plaintiff.

*Hinkley & Hinkley* (*Mr. Irving A. Hinkley* orally),for the defendant.

DUNCAN, J. No question arising out of the statute relating to the liability of railroads for damages from fire caused by locomotives upon their roads (R. L., *c.* 300, *s.* 1) is presented, and the Trial Court properly ruled that the statute is inapplicable. *Clark* v. *Railroad*, 78 N. H. 428, 429. The defendant relies solely upon its exception to the denial of its motion for a directed verdict.

Aside from the evidence that the defendant permitted brush cut the previous fall to remain scattered along its right of way, there was no evidence from which the defendant could be found negligent, unless under the doctrine of *res ipsa loquitur*. There was evidence that sparks of sufficient intensity to start a fire may escape from a locomotive even though standard precautions are taken. In this situation, if the defendant owed the plaintiff a duty to exercise care to prevent his injury, the evidence of its failure to keep its right of way free from combustibles warranted submission to the jury of the issue of the defendant's negligence. 22 Am. Jur., Fires, *s.* 35. Any discussion of the rule of *res ipsa loquitur* would therefore be superfluous. *Bresnahan* v. *Company*, 88 N. H. 273, 275.

The defendant asserts that this case falls squarely within the doctrine of *Clark* v. *Railroad*, 78 N. H. 428, and *Smith* v. *Company*, 83 N. H. 439, and urges that they be neither qualified nor overruled. The plaintiff, without directly questioning the soundness of these decisions, seeks to distinguish them upon the ground that both involved injury to professional firemen seeking to protect the property of others; and contends that this plaintiff was not a professional fireman, and that he had such an interest in his mother's property as to impose liability upon the defendant for injuries suffered in an attempt to protect the property.

The first distinction suggested by the plaintiff merits no extended discussion. While in *Clark* v. *Railroad*, *supra*, the effect of the plaintiff's capacity as fireman was considered by the court, the opinion clearly indicates that the result reached did not turn upon this aspect of the case. The defendant's freedom from liability was rested upon the absence of any duty owed to the plaintiff, and it was expressly

pointed out that the plaintiff's connection with the fire arose solely from his coming into contact with it after it was set. The opinion concludes: "Whether, then, the plaintiff is treated as a volunteer or as one whose contract of employment brought him into a legal relation to the defendant, the result is the same. In neither case was there a breach of any duty owed to him by the defendant."

The decisions relied upon by the defendant stand for the broad proposition that there is no liability on the part of one whose negligence threatens damage to the property of another, for injury suffered as a result of such negligence by a third person seeking as a volunteer to protect the threatened property. We recognize that the authorities permit recovery under similar circumstances when the plaintiff is not regarded as a mere volunteer because of a direct interest by reason of ownership or control of the property threatened by the defendant's negligence. See, *Wilson* v. *Railroad*, 30 N. D. 456; *McKay* v. *Railroad*, 160 N. C. 260; *Ill. Cent. Railroad Co.* v. *Siler*, 229 Ill. 390; Annotation, 64 A. L. R. 515. In the instant case however, there is no evidence that the plaintiff had any existing legal interest in his mother's property which would entitle him to rights not enjoyed by a volunteer, or impose upon him any duty to minimize the damages occasioned by the defendant's negligence. He did not reside upon the property, and there is no evidence tending to show that he enjoyed any authority with respect to it or was under any responsibility for it. No case has been called to our attention and none has been discovered, where recovery has been permitted by persons other than those having ownership of the threatened property, or some authority or control over it, whether by reason of residence on the property, employment by the owner, or such active aid and encouragement on the part of the owner as to give rise to an implication of authority to act in his right. See, *Liming* v. *Ill. Cent. Railroad Company*, 81 Ia. 246; *Berg* v. *Great Northern Ry. Company*, 70 Minn. 272.

The plaintiff's injuries may fairly be said to have resulted from a risk which he voluntarily encountered. In undertaking to fight the fire, he might reasonably expect to encounter incidental dangers arising out of enveloping smoke. His injuries were directly attributable to that manifestation. If they occurred upon a public way rather than upon private property, the circumstance is not thought to distinguish this case. He was not there upon what was called in the *Clark* case "the course of independent and lawful conduct," nor did the fire interfere with his exercise of any independent right. *Clark* v. *Railroad, supra*, 431. It was the fire which occasioned his

presence there. Unless we are to overrule the *Clark* and *Smith* cases, we must decline to adopt the plaintiff's contentions.

In *Smith* v. *Company, supra,* 447, having reëxamined the holding in the *Clark* case, the court said: "The opinion in the *Clark* case shows careful and thorough study and thought. No new considerations are now presented. The issue of duty to an intervenor acting either as a volunteer or under a public service was given full and chief attention, a rule contrary in part to that maintained was recognized to be in force in other jurisdictions, and the opinion was concurred in by a unanimous court . . . the demands for the principles set forth in it to be declared erroneous are not convincing so as to warrant departure from the rule of *stare decisis.* . . . While the stability of the law does not require the continuance of recognized error, it does call for settlement of principle and consistency of ruling when due consideration has been given and error is not clearly apparent."

The circumstances presented by the instant case are not such as to persuade us that the *Clark* and *Smith* cases should be overruled, even if the principle for which they stand had not been undisturbed for thirty years. Although neither case involved determination of the duty of one engaged in a reasonable effort to save from harm the person rather than the property of another, it must be recognized that they are inconsistent in principle at least with the numerous authorities espousing a more liberal doctrine of recovery where danger to the person is involved, cases of which *Wagner* v. *Company,* 232 N. Y. 176, is perhaps the leading exponent. See also, Restatement, Torts, *s.* 472; Annotation, 158 A. L. R. 189. (*Cf. Croteau* v. *Company,* 79 N. H. 515). While we are not wholly unresponsive to what some may regard as a more enlightened view, particularly in cases involving the rescue of persons from threatened harm, the considerations expressed in the opinion in *Smith* v. *Company,* appear to us to outweigh any contrary-impelling features of the case at bar. See also, Von Moschziker, "Stare Decisis in Courts of Last Resort," 37 Harv. L. Rev., 409, 414-415; Blackstone, Commentaries, (Cooley's 3d *ed.*), *p.* 69; *Smith* v. *Allwright,* 321 U. S., 649, 666.

Since we are constrained to hold under our decided cases that the defendant owed no duty to the plaintiff, it is unnecessary to consider the issue of the plaintiff's contributory negligence.

*Judgment for the defendant.*

BLANDIN, J., took no part in the decision: the others concurred.