HUGHES v. SHANAFELT.

No. 33688. May 9, 1950.

*218 P. 2d 350.*

Hudson, Hudson & Wheaton, of Tulsa, for plaintiff in error.

Ownby & Warren, of Tulsa, for defendant in error.

CORN, J. Plaintiff brought this action to recover damages for personal injuries alleged to have been sustained by reason of defendant's negligence. The facts surrounding the accident are

not in serious dispute, and may be summarized as follows:

Prior to the accident defendant's wife purchased a rabbit hutch from the party who formerly occupied the premises where plaintiff lived. The day of the accident defendant drove a small truck to plaintiff's home, backed the truck along the driveway to the back yard, and with plaintiff's assistance loaded the rabbit hutch onto the truck. Because of the rainy weather the ground was soft, and defendant's truck became mired in the mud. Plaintiff then got his own truck and in trying to reach defendant's truck also became stuck. Defendant then obtained another truck, used in his oil well servicing business, with the intention of freeing plaintiff's truck, and then his own, from the mud.

This second truck was equipped with a winch mounted immediately behind the cab, which was a drum or reel carrying 5/8 inch cable, operated by gear levers inside the truck cab. The winch cable had a hook at the free end and, when not in use, was anchored under the rear of the truck bed. Preparatory to pulling the truck from the mud defendant backed the winch truck into position so the cable might be attached to plaintiff's truck. To unreel the cable it was necessary for the free end to be unhooked and pulled from the drum. When defendant backed the truck into position he could see plaintiff behind the truck and understood that he intended to loosen the cable, although defendant had neither directed nor requested plaintiff to do this.

In attempting to loosen the cable so plaintiff could unreel it from the drum, defendant suddenly engaged the wrong gear and tightened the cable instead of loosening it. Plaintiff's hand was caught between the cable and truck bed and injured, to the extent that the index and middle finger on his right hand had to be amputated. Defendant admittedly was unfamiliar with the operation of the winch truck, and in his efforts to operate the winch got the truck in the wrong gear.

Plaintiff alleged defendant was guilty of negligence in that knowing plaintiff's position of danger, and without warning and by reason of defendant's incompetence and inexperience, he engaged the winch gears and tightened the line on plaintiff's hand, thereby causing injury. There is no controversy as to the nature and extent of plaintiff's injuries.

Defendant's answer was a general denial of the allegations of negligence, and the plea of contributory negligence of plaintiff.

In seeking reversal of this judgment defendant presents the various assignments of errors under two propositions. It is first contended that no contractual relationship existed between the parties, and since plaintiff was a mere volunteer, defendant did not owe plaintiff the duty to exercise ordinary care for his protection. To sustain such argument defendant relies upon the following principle of law as laid down in 45 C. J., Negligence, §253:

"It has been considered that one who is engaged in work or an operation owes to another who undertakes to assist him as a mere volunteer, without invitation and without contractual relationship, no duty of ordinary care and is not liable for an injury received by such volunteer unless guilty of gross negligence, wilfulness or wantoness."

Also cited and relied upon by defendant in support of the above rule are the following cases: Richardson v. Babcock and Wilcox Co., 175 F. 897; Western Truck Lines v. Du Vaull, 57 Ariz. 199, 112 P. 2d 589, and Hatcher v. Cantrell, 16 Tenn. App. 544, 65 S. W. 2d 247, both of the latter cases citing the rule as announced in the Richardson case, supra. Consideration of these cases will reveal that in each case the court expressly determined that the injured party voluntarily, and without necessity, entered into the place of danger without any duty requiring this,

or any request for them to do so. Undoubtedly, in such cases the rule of nonliability for injuries received under such circumstances must apply, in the absence of gross, willful or wanton negligence.

However, there is another line of cases which provides a different rule applicable to situations such as presented by the present appeal. In these cases the rule announced is that where a party has some purpose, or benefit to himself in doing the particular act during performance of which he is injured, he is to be regarded as acting in his own behalf, and at least with the acquiescence of the negligent party. See Lucas v. Kelley, 102 Vt. 173, 147 Atl. 281; Krull v. Triangle Dairy Co., 59 Ohio App. 107, 17 N.E. 2d 291; Rice v. Isbell, 67 N.Y.S. 860; Braxton v. Flippo, 183 Va. 839, 33 S.E. 2d 757.

A volunteer is one who has no interest in the work, but nevertheless undertakes to assist therein. Welch v. Maine Cent. R. Co., 86 Me. 552, 30 A. 116, 25 L.R.A. 658.

The basis of the above rule may be found in the following statement from Labatt's Master & Servant (2d Ed.) vol. 4, §1564. Therein, after discussing the rule as to the lack of duty to safeguard volunteers, the following statement is made:

"§1564. Persons not deemed to be subject to the disabilities of volunteer.

"The rule discussed in the preceding section is subject to the important qualification that, where one who has an interest in the work to be performed, and for his own convenience, or to facilitate or expedite his own work or that of his employer, assists the servants of another, at their request or with their consent, he is not thereby deprived of his right to be protected against the carelessness of the other's servants. It will be observed that the essential ground upon which this doctrine rests is that, under the supposed circumstances, there is no proper performance of services, in the proper sense of those words. The same general consideration, viewed from a different standpoint, is presumably the basis of the decision that a passer-by who is casually appealed to by a workman for information respecting a thing which the latter is doing in a public thoroughfare is not to be considered a volunteer assistant, so as to exonerate the workman's master from responsibility for an injury resulting to the former from the workman's negligent mode of doing the work. Whether the rule itself or the qualification is to determine the liability of the defendant in any particular case depends upon the facts in evidence."

The testimony established that defendant understood plaintiff was going to unwind the cable from the drum as defendant released the gears; that defendant knew the line would not unwind unless pulled off; that defendant stayed in the cab to operate the winch and saw plaintiff behind the truck and knew the purpose for which he was there. Thus it was seen that not only was defendant cognizant of the entire situation, but the evidence likewise discloses that plaintiff had an interest and purpose to be served by rendering assistance in the undertaking.

We are of the opinion the above facts, established by the evidence, are sufficient to take the case outside the rule urged by defendant as controlling herein. There can be no question but that defendant knew plaintiff had placed himself in a position of danger, and knew and understood for what purpose he was there. In such circumstances the plaintiff cannot be classed as a mere volunteer and the rule relied upon by defendant has no application. Not being a volunteer, then it necessarily follows that defendant owed plaintiff a duty to exercise ordinary care to avoid injuring him.

The elements of actionable negligence have been pointed out numerous times. Negligence may consist of the failure to use reasonable care, and what is or is not negligence is a question for the jury, especially where the standard of such duty is not fixed but variable.

City of Stilwell v. Bone, 195 Okla. 325, 157 P. 2d 459; A. & A. Cab Operating Co. v. Drake, 200 Okla. 229, 192 P. 2d 1004.

Defendant further contends the trial court erred in giving instructions Nos. 2 and 7. By instruction No. 2 the trial court defined ordinary care. The argument is made that the trial court advised the jury that defendant owed plaintiff the duty to exercise ordinary care to avoid injuring him, and that since plaintiff was a mere volunteer such instruction was improper and constituted reversible error. Inasmuch as we have pointed out that plaintiff was not a volunteer, and that defendant did owe the duty of exercising ordinary care to avoid injuring him, it is clear that no error was committed in advising the jury to this effect.

Further error is claimed in the giving of instruction No. 7, which was as follows:

"You are instructed that under the law of this state, every person is responsible, not only for the result of his wilful acts, but also for any injury occasioned to another by his want of ordinary care or skill in the management of his property or person, except so far as the latter has wilfully or by want of ordinary care, brought the injury upon himself by his primary or contributory negligence as in these instructions further defined.

"You are further instructed that under the above rule whenever the circumstances attending a situation are such that an ordinary prudent person could reasonably apprehend that, as the natural and probable consequences of his act, another person, rightfully there, will be in danger of receiving an injury, a duty to exercise ordinary care to prevent such injury arises; and, if such care is not exercised by the party on whom the duty rests, and injury to another person results therefrom, liability on the part of the negligent party to the person injured arises, unless the injured party was also negligent and his negligence alone, or contributing to the negligence of the other party was the proximate cause of the injuries; and it makes no difference what the exact legal relationship of the parties may have been."

The argument is made that by this instruction the trial court in effect told the jury that ordinary care is the extent of the duty owed to another person, without regard to what the legal relationship of the parties might be.

In Lisle et al. v. Anderson, 61 Okla. 68, 159 P. 278, the action was brought to recover damages for personal injuries alleged to have resulted from defendant's negligence in performing certain construction work, the failure to properly construct being alleged as negligence. Plaintiff contended that by exercise of ordinary care defendants could have discovered the defective condition, and that defendants knew of the purpose the defective joists necessarily were intended to serve. Defendants contended they owed plaintiff no duty at the time he was injured, and thus claimed freedom from liability.

In that case the court pointed out the essential elements of actionable negligence. It was then determined that no relation of master and servant existed, but this court held, after discussion of numerous authorities, as follows:

"Thus it will be seen that the rule deducible from the authorities, supra, is that, whenever the circumstances attending the situation are such that an ordinarily prudent person could reasonably apprehend that, as the natural and probable consequences of his act, another person, rightfully there, will be in danger of receiving an injury, a duty to exercise ordinary care to prevent such injury arises, and if such care is not exercised by the party on whom the duty rests and injury to another person results therefrom, liability on the part of the negligent party to the person injured will generally exist, in the absence of any other controlling element or fact, and this, too, without regard to the legal relationship of the parties."

Instruction No. 7 appears to be nearly a verbatim statement of the earlier

pronouncement of this court. As mentioned in the Anderson case, supra, the principle finds application in instances where a party rightfully upon the premises is injured by another's negligence under circumstances which reasonably could have been foreseen, or contemplated, and the injury avoided by exercise of ordinary care by the person whose act caused such injury.

We are of the opinion the above announced principle is correct, and that the trial court did not err in instructing the jury to this effect.

Judgment affirmed.

ARNOLD, V.C.J., and GIBSON, LUTTRELL, HALLEY, JOHNSON, and O'NEAL, JJ., concur.