## CONCHO CONST. CO., Inc. v. OKLAHOMA NATURAL GAS CO.
### No. 4523.

United States Court of Appeals,
Tenth Circuit.

Jan. 15, 1953.

Rehearing Denied March 9, 1953.

———◆———

Russell F. Thompson, Oklahoma City, Okl. (Monnet, Hayes & Bullis, and A. E. Pearson, Oklahoma City, Okl., on the brief), for appellant.

Paul Pinson, Tulsa, Okl. (Carlson, Lupardus, Mathews & Holliman, Tulsa, Okl., on the brief), for appellee.

Before PHILLIPS, Chief Judge, and HUXMAN and PICKETT, Circuit Judges.

PICKETT, Circuit Judge.

This is an action by the Concho Construction Company, Inc., a corporation, to recover damages from the Oklahoma Natural Gas Company, a corporation, for the destruction and loss of use of plaintiff's caterpillar bulldozer. The loss occurred when an employee of Concho was using the machine to build a firebreak on what appeared to be the right of way of Highway 66 east of the town of Britton, Oklahoma. The bulldozer struck and broke off a riser which extended upward from the gas company's pipe line to within two inches of the surface of the ground and caused gas to escape and ignite. The gas company filed an answer, and both parties then moved for summary judgment. The trial court held that under the admitted facts the employee of Concho was a trespasser

upon the pipe line right of way of the gas company, and that the gas company owed him only the duty to which a trespasser would be entitled.[1] Defendant's motion for summary judgment was sustained, and judgment was entered accordingly.

For the purpose of the motions certain facts were agreed upon. The gas company, under authority of an easement from the owner of the land, had installed a natural gas pipe line running east and west parallel with Highway 66 and immediately adjacent thereto. At intervals along the line, it had installed risers connected with the pipe line for the purpose of supplying gas to users.[2] On January 26, 1951, the use of one of these risers had been discontinued. The riser was covered over with about two inches of soil. There was no marker and the riser was concealed from view. The pipe line was placed and maintained on the highway side of what appeared to be the highway right of way boundary fence. Actually the fence had been placed several feet south of the highway right of way boundary line so that the pipe line apparently was within the boundaries of the right of way. One of plaintiff's employees was operating the bulldozer for plaintiff who was performing a subcontract with Bollinger Construction Company near the highway. A fire broke out south of the highway, and aided by a strong wind it spread in a northeasterly direction. An employee of the Bollinger Construction Company directed the operator of Concho's bulldozer to take the bulldozer on to the highway right of way to a point east of where the fire had spread and to make a firebreak between the paved highway and the south fence. In building this firebreak, the operator lowered the blade of the bulldozer about two inches below the surface of the ground and moved forward. While so engaged, the bulldozer blade struck the unmarked riser causing the aforesaid fire and destruction of the bulldozer.

The law appears to be settled that when an owner so maintains his land abutting upon a public highway as to indicate and lead the public to believe that it is part of the highway, he impliedly invites those lawfully upon the highway to drive upon and use the land as a highway, and such users are not to be treated as trespassers.[3] The owner owes a duty to keep such land in a reasonably safe condition for the users of the highway.

We think also that this case comes within the general rule which is recognized in Oklahoma, that the owner of land abutting a public highway owes a duty to keep it from being a source of danger to

---

1. In Oklahoma, a landowner owes a trespasser a duty in respect to safety from a dangerous artificial condition of the premises, not to injure him intentionally or wantonly. Kroger Grocery & Baking Co. v. Roark, 171 Okl. 595, 43 P.2d 710; City of Grandfield v. Hammonds, 100 Okl. 75, 227 P. 140; City of Shawnee v. Cheek, 41 Okl. 227, 137 P. 724, 51 L.R. A.,N.S., 672.

2. 52 O.S.A. § 10, provides that whenever any gas pipe line crosses private premises, the gas company, upon request of the owner of the premises, is required to connect the pipe line with the premises and furnish gas to the owner at the same rate as is charged in the nearest city or town.

3. Louisville & N. R. Co. v. Anderson, 5 Cir., 39 F.2d 403; Barlow v. Los Angeles County Flood Control Dist., 96 Cal.App.2d 979, 216 P.2d 903; Beckwith v. Somerset Theatres, Inc., 139 Me.

65, 27 A.2d 596; Pirozzi v. Acme Holding Co. of Paterson, 5 N.J. 178, 74 A.2d 297; Sears v. Merrick, 175 Mass. 25, 55 N.E. 476; Holmes v. Drew, 151 Mass. 578, 25 N.E. 22; Restatement, Torts, Sec. 367, which reads:

"A possessor of land who so maintains a part thereof that he knows or should know that others will reasonably believe it to be a public highway, is subject to liability for bodily harm caused to them while using such part as a highway, by his failure to exercise reasonable care to maintain it in a reasonably safe condition for travel.

"Comment:

"a. One whom a possessor of land intentionally or negligently misleads into believing that part of his land is a public highway, is entitled to expect that the possessor will afford him a security similar to that which he would be entitled to expect were the land actually a highway."

the public or to travelers upon and lawful users of the highway.[4]

The Oklahoma courts have recognized that natural gas is a commodity of highly dangerous character and a high degree of care is required in handling it.[5]

Here we have a natural gas transmission pipe line carrying 400 pounds pressure immediately adjoining the highway right of way. It was maintained by the gas company upon what appeared to the public to be the highway right of way. The company permitted an unmarked riser to extend upward from that pipe line to within two inches of the surface of the ground. It was struck by the driver of Concho's bulldozer while he was lawfully upon the highway attempting to prevent the spread of fire. Under these circumstances, the gas company owed him the same duty that an abutting property owner owes to the ordinary and customary user of a public highway, that is, to use reasonable care not to maintain a dangerous condition which might be injurious to such users. A question of fact was presented which should be determined after a trial of the case and should not have been disposed of on a motion for summary judgment.

Judgment is reversed and remanded with instructions to overrule the motions for summary judgment.

PHILLIPS, Chief Judge, (dissenting).

A. J. Kaiser was the owner of the northwest ¼ of the northwest ¼ of the northeast ¼ of Section 34, Township 13 North, Range 3 West, in Oklahoma County, Oklahoma. The land abuts Oklahoma State Highway No. 66. On January 26, 1951, the traveled portion of the highway was paved and a fence on the land, located several feet south of the south boundary line of the highway right of way, ran parallel to the highway.

On April 12, 1918, Kaiser executed and delivered to the Oklahoma Natural Gas Corporation[1] a right of way agreement by which he granted to the Gas Corporation a right of way on, over and through such land to lay, maintain, operate, relay and remove a pipe line 40 rods long for the purpose of transporting natural gas, with right of ingress and egress to and from such right of way. The agreement recited that the pipe line should be located in accordance with a plat attached to the agreement. The plat showed that the pipe line should be laid parallel to, and two feet north of the fence. It will be observed that the right of way grant covered both surface and subsurface rights. The pipe line was laid and thereafter maintained on the land at the location specified in the plat.

By statute in Oklahoma the Gas Corporation was required to furnish gas to the landowner at the rate it charged in the nearest city or town and for that purpose to provide a connection for the consumer's service line with the pipe line. See 52 Okl.St.Ann. § 10. The Gas Corporation installed a riser in the pipe line on its right of way and for a time furnished gas to a house on the land. Prior to January 26, 1951, the service of gas to the house had been discontinued and the service line disconnected. However, the Gas Corporation permitted the riser to remain, with its upper end buried approximately two inches underneath the surface of the ground.

On January 26, 1951, Concho Construction Company[2] was engaged in the performance of a contract for removing dirt

4. Sinclair Texas Pipe Line Co. v. Patterson, 175 Okl. 438, 54 P.2d 207; Sinclair Texas Pipe Line Co. v. Ross, 175 Okl. 435, 54 P.2d 204; St. Louis & S. F. Ry. Co. v. Ray, 65 Okl. 214, 165 P. 129, L.R.A.1918A, 843; Connally v. Woods, 39 Okl. 186, 134 P. 869; Brandywine Hundred Realty Co. v. Cotillo, 3 Cir., 55 F.2d 231, certiorari denied 285 U.S. 555, 52 S.Ct. 411, 76 L.Ed. 944; Annotation 14 A.L.R. 1397.

5. Oklahoma Natural Gas Co. v. Courtney, 182 Okl. 582, 79 P.2d 235, 241; Margay Oil Corp v. Jamison, 177 Okl. 433, 59 P.2d 790; Oklahoma Gas & Elec. Co. v. Oklahoma Ry. Co., 77 Okl. 290, 188 P. 331.

1. Hereinafter called the Gas Corporation.

2. Hereinafter called Concho.

near WKY substation, east of Britton, Oklahoma, and in removing such dirt was using a Caterpillar tractor, equipped with hydraulic controls, traxcavator, and bull-dozer. The equipment was being driven by an employee of Concho. A fire broke out in a trash pile on the premises where Concho was carrying out its work under its contract. The wind was blowing from a southwesterly direction toward Highway 66. The employee of Concho drove the Caterpillar tractor, with its equipment, to the highway right of way and to the east of the point to which the fire had spread. When he arrived at that point the fire was spreading eastwardly on the south side of the highway right of way. To prevent the further spread of the fire along the high-way right of way, the employee started building a fire-break from the paved portion of the highway to the fence line. While building the fire-break the operator lowered the blade of the bulldozer about two inches and moved the grass and debris forward. While traveling west between the paved portion of the highway and the fence line, the blade struck the riser, causing gas to escape, which became ignited. The fire prevented the employee from removing the tractor and its equipment and it was de-stroyed by the fire. Concho brought this action against the Gas Corporation to recover damages resulting from the de-struction of the Caterpillar and its equip-ment.

Concho was not responsible for the fire and owed no legal obligation to undertake to put out or confine the fire. Concho was under no legal or contractual duty to the state to maintain or protect the highway.

Both Concho and the Gas Corporation interposed motions for summary judgment. The parties agreed that the court, for the purpose of disposing of the motions, might consider the pleadings and answers to interrogatories, affidavits and depositions on file, which reflected the facts stated above. The trial court concluded that Concho was a trespasser and entered a summary judgment for the Gas Corpora-tion.

The public and each member thereof has a common and equal right to make reason-able use of highways for the purposes of travel and transportation and for purposes and uses incidental thereto.[3]

In the absence of a statute or ordinance requiring them so to do, a private person or corporation is under no obligation by reason of the ownership or occupancy of abutting premises, or otherwise, to under-take highway improvements or to maintain the highway in repair, except to the extent of repairing defects caused by their own acts, or to protect the highway from injury, except against dangers created by them.[4]

In the absence of a statute or municipal ordinance providing otherwise, a member of a public fire department who enters on premises in the discharge of his duty is a

3. Hildebrand v. Southern Bell T. & T. Co., 219 N.C. 402, 14 S.E.2d 252, 255; Carli v. Stillwater Street Ry. & T. Co., 28 Minn. 373, 10 N.W. 205, 206; Com-monwealth v. Morrison, 197 Mass. 199, 83 N.E. 415, 416, 417, 14 L.R.A.,N.S., 194; Escobedo v. State Dept. of Motor Vehicles, 35 Cal.2d 870, 222 P.2d 1, 5; McKay v. Public Utilities Commission, 104 Colo. 402, 91 P.2d 965, 969; City of Boston v. A. W. Perry, Inc., 304 Mass. 18, 22 N.E.2d 627, 629; State v. Potomac Edison Co., 166 Md. 138, 170 A. 568, 570; 25 Am.Jur., High-ways, p. 456, § 163.

In Hildebrand v. Southern Bell T. & T. Co., supra, the court said, 14 S.E.2d at page 255:

"An easement acquired for use as a public highway is acquired for a public use but not for all public uses. The use is limited to the right of the public gen-erally to pass and repass, to travel on foot or with any kind of vehicle. * * *"

4. Weller v. McCormick, 47 N.J.L. 397, 1 A. 516, 518; Gabrielsen v. City of Seat-tle, 150 Wash. 157, 272 P. 723, 729, 63 A.L.R. 200; Lucas v. St. Louis & S. Ry. Co., 174 Mo. 270, 73 S.W. 589, 591, 61 L.R.A. 452; Hanley v. Fireproof Bldg. Co., 107 Neb. 544, 186 N.W. 534, 535, 24 A.L.R. 382; Harris v. Farmers' & Merchants' State Bank, Tex.Civ.App., 239 S.W. 1027, 1028; Stewart v. Sheid-ley, 223 Mo.App. 554, 16 S.W.2d 607, 610; 25 Am.Jur., Highways, p. 377, § 64.

mere licensee, to whom the owner or occupant of such premises owes a duty to refrain from the infliction of wilful or wanton injury [5] and to use reasonable care not to injure him through affirmative or active negligence, as distinguished from passive negligence, or from natural or artificial conditions on the premises.[6] While the owner or occupant is liable for affirmative or active negligence, he is not liable for injuries growing out of a permanent or fixed condition of the premises.[7]

A private person, who, without invitation by, and without contractual relationship to the owner or occupant of premises, enters such premises to put out or confine a fire, having no legal duty to do so, is a volunteer or naked licensee, and the owner or occupant of such premises owes him no greater duty than to refrain from the infliction of wilful or intentional injury [8] and from affirmative or active negligence, as distinguished from passive negligence.[9] The owner or occupant is not liable to such volunteer for injuries growing out of a permanent or fixed condition of the premises.[10]

The owner or occupant is also under the duty of warning a licensee or volunteer of concealed dangers after his presence is

5. Todd v. Armour & Co., 44 Ga.App. 609, 162 S.E. 394; Lunt v. Post P. & P. Co., 48 Colo. 316, 110 P. 203, 205, 30 L.R.A., N.S., 60; New Omaha Thomson Elec. L. Co. v. Anderson, 73 Neb. 84, 102 N. W. 89, 92; Woodruff v. Bowen, 136 Ind. 431, 34 N.E. 1113, 1116, 1117, 22 L. R.A. 198; Gibson v. Leonard, 143 Ill. 182, 32 N.E. 182, 183, 17 L.R.A. 588; Pennebaker v. San Joaquin L. & P. Co., 158 Cal. 579, 112 P. 459, 463, 31 L.R.A., N.S., 1099; Notes, 13 A.L.R. 638; 141 A.L.R. 585.

6. Houston Belt & T. Ry. Co. v. O'Leary, Tex.Civ.App., 136 S.W. 601, 604, 605; Newman v. Fox West Coast Theatres, 86 Cal.App.2d 428, 194 P.2d 706, 707, 708; Davis v. Tredwell, 347 Pa. 341, 32 A.2d 411, 413; New Omaha Thomson-Houston Elec. L. Co., 73 Neb. 84, 102 N.W. 89, 92; Woodruff v. Bowen, 136 Ind. 431, 34 N.E. 1113, 1117; 65 C.J.S., Negligence, § 35 h, p. 500. Note, 13 A.L.R. 644.

7 Carbone v. Mackchil Realty Corp., 296 N.Y. 154, 71 N.E.2d 447, 449; Birch v. City of New York, 190 N.Y. 397, 83 N. E. 51, 53, 18 L.R.A.,N.S., 595.

8 Hughes v. Shanafelt, 203 Okl. 80, 218 P.2d 350, 351; Glines v. Maine Cent. R. R., 94 N.H. 299, 52 A.2d 298, 300, 301; Mann v. Des Moines Ry. Co., 232 Iowa 1049, 7 N.W.2d 45, 53; 65 C.J.S., Negligence, § 62, p. 554; Sher v. State, 194 Misc. 172, 86 N.Y.S.2d 266, 268, 269; Lucas v. Kelley, 102 Vt. 173, 147 A. 281, 283; See also, Gibson v. Leonard, 143 Ill. 182, 32 N.E. 182, 184.

In Hughes v. Shanafelt, supra, the court said [203 Okl. 80, 218 P.2d 351]:

"* * * It is first contended that no contractual relationship existed between the parties, and since plaintiff was a mere volunteer defendant did not owe plaintiff the duty to exercise ordinary care for his protection. To sustain such argument defendant relies upon the following principle of law as laid down in 45 C.J., Negligence, § 253: 'It has been considered that one who is engaged in work or an operation owes to another who undertakes to assist him as a mere volunteer, without invitation and without contractual relationship, no duty of ordinary care and is not liable for an injury received by such volunteer unless guilty of gross negligence, wilfulness or wantonness.'

"Also cited and relied upon by defendant in support of the above rule are the following cases: Richardson v. Babcock & Wilcox Co., 1 Cir., 175 F. 897; Western Truck Lines v. Du Vaull, 57 Ariz. 199, 112 P.2d 589, and Hatcher v. Cantrell, 16 Tenn.App. 544, 65 S.W.2d 247, both of the latter cases citing the rule as announced in the Richardson case, supra. Consideration of these cases will reveal that in each case the court expressly determined that the injured party voluntarily, and without necessity, entered into the place of danger without any duty requiring this, or any request for them to do so. Undoubtedly, in such cases the rule of nonliability for injuries received under such circumstances must apply, in the absence of gross, wilful or wanton negligence."

9. Sher v. State, 194 Misc. 172, 86 N.Y.S. 2d 266, 269.

10. Birch v. City of New York, 190 N.Y. 397, 83 N.E. 51, 53, 18 L.R.A.,N.S., 595; Carbone v. Mackchil Realty Corp., 296 N.Y. 154, 71 N.E.2d 447, 449.

discovered.[11] The negligence arises from the failure to warn, not from maintaining the dangerous condition.[12] Here, the Gas Corporation had no opportunity to warn Concho's employee of the existence of the concealed gas riser.

If, at the time of the accident, Concho's employee had been using the highway for the purpose of travel, passage or transportation and had been driving the Caterpillar tractor and its accessory equipment along the unpaved portion of the highway, rather than on the paved portion, as is customary with such heavy equipment, and believing that the highway extended to the fence line, and in the exercise of due care, had contacted and broken the riser and as a proximate result thereof injuries to the Caterpillar tractor and its accessory equipment occurred, I would readily agree that there were issues of fact which should be submitted to the court or jury at a trial on the merits.

In all of the cases cited in Note 3 to the majority opinion the injured person was using the public way for the purpose of travel, passage, transportation, or uses incidental thereto. I have been unable to find any adjudicated case holding that an abutting owner is liable for injuries suffered because of a dangerous condition on his adjoining premises by a person using the highway for purposes other than travel, passage, transportation, or purposes incidental thereto.

Here, Concho's employee entered upon the unpaved portion of the highway, not for the purpose of travel, passage, transportation, or any use incidental thereto, but solely for the purpose of confining the fire by digging up and moving the surface dirt so as to create a fire-break. In so doing he also entered upon the abutting land and upon the right of way of the Gas Corporation, which included both surface and

sub-surface rights, and dug up and moved the surface dirt thereof. He may have done so believing that the highway extended to the fence line. If the owner of the highway had owned and maintained the gas line and riser on the highway, the relationship of Concho to the owner of the highway would have been that of a volunteer. Equally, I think, it must be true that when Concho's employee entered upon the abutting land and upon the right of way of the Gas Corporation for the purpose of confining the fire, his relationship to the land owner and the Gas Corporation was that of a volunteer.

I do not think the fact that Concho's employee entered upon the right of way of the Gas Corporation and the abutting land, reasonably believing that the highway extended to the fence line, is important. The important facts are that Concho's employee entered upon the highway, the the right of way of the Gas Corporation, and the abutting land, not for the purpose of passage, travel or transportation, or any purpose incidental thereto, but for the purpose of digging up and moving the surface dirt to create a fire-break, without an invitation from the owner of the highway, the Gas Corporation, or the land owner and without a legal duty, contractual or otherwise, to any of them, so to do.

If A enters the premises of B under facts and circumstances under which his relationship to B is that of a volunteer and C maintains adjoining premises under facts and conditions that would warrant the belief on the part of A that they are a part of B's premises, and A also enters C's premises believing they are a part of B's premises, surely no higher relationship exists between A and C than between A and B and no higher duty devolves upon C to A than devolves upon B to A. The mere fact that A entered C's premises

11. Rawlins v. Pickren, 45 Ga.App. 261, 164 S.E. 223, 224; Cobb v. First Nat. Bank of Atlanta, 58 Ga.App. 160, 198 S. E. 111, 114; Beehler v. Daniels, 18 R. I. 563, 29 A. 6, 7, 27 L.R.A. 512; Watson v. Manitou & Pikes Peak Ry. Co., 41 Colo. 138, 92 P. 17, 19, 17 L.R.A., N.S., 916; Jenkins v. 313–321 W. 37th Street Corp., 284 N.Y. 397, 31 N.E.2d 503, 504; Lunt v. Post P. & P. Co., 48 Colo. 316, 110 P. 203, 207, 30 L.R.A.. N.S., 60; 65 C.J.S., Negligence, § 38, pp. 503, 504.

12. Locke v. Payne, 81 N.H. 266, 124 A. 668; 65 C.J.S., Negligence, § 38, p. 504.

under a mistake as to their ownership could not create a different relationship between A and C or impose a greater duty on C to A.

Accordingly, it is my opinion that the relationship of Concho to the Gas Corporation, when Concho's employee entered the right of way of the Gas Corporation, for the purpose of confining the fire, was that of a volunteer, and that there was no breach by the Gas Corporation of any duty owing by it to Concho, rendering the Gas Corporation liable for the injury and damage to the Caterpillar tractor and its accessory equipment. Hence, I would affirm the judgment.